IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MELINDA ZANESKI,

        Plaintiff,

v.                                     CIVIL ACTION NO. 3:09-1275

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the decision of the Commissioner of Social Security dismissing her claim for disability insurance benefits on the basis that it is barred by administrative *res judicata*. The case is presently pending before the Court on defendant's motion to dismiss.

Plaintiff filed an application for disability insurance benefits on February 26, 2007 alleging disability commencing September 26, 2001. After receiving an initial denial dated May 15, 2007,[1] she did not request reconsideration until May 8, 2008. Her request was denied because it was filed after the 60-day period for appeal, and it was determined her explanation for the late filing did not

---

[1] Plaintiff's insured status expired December 31, 2006, and this determination was inclusive of this period.

establish a good reason for extending the appeal time.[2] Plaintiff did not pursue this application further but filed another application for disability insurance benefits on May 29, 2008 alleging disability commencing September 16, 2001. This application was denied at the initial and reconsideration stages of review because it concerned the same issues and period covered by the earlier application. An administrative law judge dismissed plaintiff's hearing request on March 30, 2009 based on his determination that her appeal was barred by *res judicata*. Following denial of plaintiff's request for review by the Appeals Council, she filed this action seeking review of the Commissioner's decision.

Absent a constitutional challenge, district courts lack jurisdiction to review decisions of the Commissioner applying administrative *res judicata* as a bar to considering the merits of a claim, Teague v. Califano, 560 F.2d 615 (4th Cir. 1977), or refusing to reopen claims. Califano v. Sanders, 430 U.S. 99 (1977).

Despite the limits on this Court in reviewing the Commissioner's findings, it does have jurisdiction to determine whether *res judicata* was properly applied and whether, in denying plaintiff's subsequent claim, the Commissioner actually reopened the prior case as a matter of administrative discretion.[3] Plaintiff alleges both that *res judicata* was not properly applied in this case and that, even if it was, the Commissioner nonetheless reopened the earlier claim. Both of these allegations are without merit, however.

With regard to *res judicata*, plaintiff asserts that it may only be applied to determinations made after an adjudication and that the initial denial of her 2007 claim was an administrative

---

[2] See, 20 C.F.R. §§ 404.904, 404.905, 404.909(a)(1), and 404.911.

[3] McGowen v. Harris, 666 F.2d 60, 66 (4th Cir. 1981).

decision, rather than an adjudication. She relies on the case of Delamater v. Schweiker, 721 F.2d 50 (2nd Cir. 1983) as support for this position; however, as the Commissioner points out, this decision is not binding on this Court. More importantly, it contradicts a Fourth Circuit decision which directly addressed this issue and held that *res judicata* could indeed be used as a bar to subsequent claims, even when the earlier denial was an initial denial. See, Leviner v. Richardson, 443 F.2d 1338, 1342 (4th Cir. 1971). Similarly, in McGowen v. Harris, supra at 65, the court noted that an earlier decision "at any level in the adjudicative process" could be final and therefore preclusive of a subsequent claim.[4] The Fourth Circuit has also held that absence of counsel at the time of the earlier decision does not affect the Court's limited jurisdiction absent a constitutional challenge. See, Easley v. Finch, 431 F.2d 1351, 1353-54 (4th Cir. 1970).

Plaintiff's insured status expired December 31, 2006, as noted, and both her 2007 and 2008 claims posed the question of disability on or before that date. While plaintiff did submit additional evidence with the second application, the administrative law judge determined that it did not establish "good cause" to reopen the 2007 application.[5] In order for additional evidence to establish good cause, it must be "new and material," according to the regulations.[6] While the administrative law judge conceded the evidence was "new," he determined it was not "material," noting that of the three exhibits submitted by plaintiff, only one dealt with the relevant period (2001-2006), and, for the most part, that one exhibit contained reports relative to only acute care or follow-up treatment

---

[4]See also, 20 C.F.R. § 404.957(c)(1) providing that *res judicata* will apply when the Commissioner has made a previous determination that has become final "by either administrative or judicial action" (emphasis added).

[5]20 C.F.R. § 404.989(a)(1).

[6]Id.

for "insignificant conditions." The administrative law judge's determination that the 2007 and 2008 claims involved the same facts and issue and that the latter claim was barred by *res judicata* is clearly proper and supported by substantial evidence, the relevant regulations and pertinent case law.

With regard to plaintiff's argument that the administrative law judge effectively reopened the 2007 claim, the Court observes that, while he did recite some of the evidence plaintiff presented with her original claim, it was only for the purpose of ascertaining whether the two claims were the same and whether the new evidence submitted with the second claim was "material." It is clear that the administrative law judge did not re-evaluate the merits of the first claim.

It being apparent that the administrative law judge properly applied *res judicata* to bar relitigation of the 2007 determination that plaintiff was not disabled on or before her date last insured, that he did not administratively reopen the prior claim, and that plaintiff has not presented a constitutional challenge to the earlier determination, the Court concludes that it is without jurisdiction to review the dismissal of plaintiff's request for hearing in the present claim. As a consequence, the Commissioner's motion to dismiss must be granted.

On the basis of the foregoing, it is **ORDERED** that defendant's motion to dismiss be granted and this action dismissed from the Court's active docket.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

ENTER: April 19, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE